IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ROBERT M. TAYLOR, III, et al.     )
                                          )
     PLAINTIFFS,            )
                                           )          CASE NO.
VS.                               )    1:24-cv-00019-JRH-BKE
                                         )
UNIVERSITY HEALTH SERVICES, INC. )
and PIEDMONT HEALTHCARE, INC.,   )
                                         )
     DEFENDANTS          )

## PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO REMAND

**1.    Defendants fail to acknowledge the facts in this case.**

The Defendants fail to acknowledge the fact that this "hidden paycheck" was and is considered a wage under Georgia law.  Despite the fact that it was not payable until a later date,  this wage has vested to all of the 174 Plaintiffs currently before this Court.  Prior to this action being filed in the Superior Court of Richmond County, Georgia, each of the named Plaintiffs had met all of the requirements for this benefit being vested --- a) they were employed prior to January 1, 2005 and b) they had 30 or more years of continuous uninterrupted service as employees of University Hospital. The "hidden paycheck" was not due to be paid until a Plaintiff reached the age of 65 years.  At that time, the wage was payable by furnishing to that Plaintiff a free life-time Medicare supplement policy for traditional Medicare coverage (now referred to as

"Medigap").  This was and is a "payroll practice".  29 C.F.R. 2403-1(b).     The

Defendants further fail to acknowledge that part of 28 U.S.C. §1446(b)(3) which limits

a removal based upon "other paper" to when the Defendants could first be ascertained

that the case is one which is or has become removable.  The Defendants have argued

that the "other paper" was a brief filed in the Superior Court of Richmond County,

Georgia in which Plaintiffs sought relief under the Georgia Declaratory Judgment Act,

O.C.G.A. §9-4-2(b), which provides that a declaration can be made when the ends of

justice require that a declaration be made.  In his affidavit, Mr. Taylor pointed out how

Defendant University decided on October 14, 2021 to switch retirees from a Medicare

supplement policy provided through United Healthcare for traditional Medicare to a

Medicare Advantage Plan,  which is a PPO plan that provides coverage only under the

Aetna network. (Doc.19, pp.1-27).  Despite what University Hospital told certain of

its employees in October of 2001, University sent out another publication to its

employees.  (Exhibit "B" to Taylor Affidavit, Doc. 19, pp.17-27).  In that publication,

the Plaintiffs in this case. were told "Just remember that if you opt out of the new plan

for 2021 you will lose all coverage through UH".  (Doc. 19, p.16).  University argues

that the complaint must specifically point out this fact and that this was just a change

in the "form of benefits", thus giving it the right to once again remove this case.  (Doc.

21, p.3).  Nothing could be further from the truth.  Attached to the complaint filed in

the Superior Court are various documents prepared by University in which University

promised lifetime free Medicare Supplement policies from United Healthcare. *See*, Case No. 23CV0047, Exhibit A; Doc. 1-1, pp.1-49; Doc. 1-1, pp. 9-14). The former employees were never told that University was reserving the right to modify its obligations to these employees. These former employees were never told that University was reserving the right to modify its obligation. These Plaintiffs maintained their employment with University for 30 or more years and once they performed their obligation under this contract, University had no right to now renege on its contractual obligation.

When University filed its first removal petition in this case on April 19, 2023, it had in its possession Exhibit "B" to Mr. Taylor's affidavit. For University to say that it did not have knowledge and could not ascertain issues relating to whether or not University promised to provide lifetime benefits related to a traditional Medicare supplement requires that the document created by University in November of 2021 be unknown to it at the time of the first removal. *See*, Doc. 19, pp.17-27. A vested interest is one in which there is a present, fixed right, either present enjoyment or future enjoyment. Grant v. Grant, 187 Ga. 807, 2 S.E.2d 421 (1939). Under Georgia law, once a benefit such as this is earned and vested, University is estopped from changing the benefits or terminating those benefits. Quillian v. Employees' Retirement System of Georgia, 259 Ga. 253, 379 S.E. 2d 515 (1989). In this case, University argues that this is part of an employee benefit plan which it has the right to terminate. (*See,* Note

3

4 of University's Brief at Doc. 21, pp.10-11).  This agreement is not part of a welfare plan and there are no documents showing that University reserved the right to terminate its agreement as was present in <u>Alday v. Container Corp. of America</u>, 906 F.2d 660 (11th Cir. 1990).

Just as disturbing is the fact that while Piedmont and University were attempting to modify the vested rights of these Plaintiffs to switch them to a Medicare Advantage Plan that has adverse effects on these retired employees, Piedmont and University were preparing a severance agreement with University's Chief Executive Officer, Mr. Davis, which agreement provided a 3-year severance benefit valued at over $5,000,000.  (*See*, Record in 23CV00047, Doc. 1-1, p.6, ¶ 14; Doc. 1-1, pp.23-30).

In Georgia, the term "wage" is defined very broadly to mean any payment by the employer to the employee for services rendered in the course of employment that constitutes a net economic gain to the employee, whether or not it is paid then or later. <u>Caremore, Incorporated/Woodale Nursing Home v. Hollis</u>, 283 Ga. App. 681, 642 S.E.2d 375 (2007) at 685; *see also*, Georgia Worker's Compensation Rule 260.

University's own construction of its language was that employees were to receive a free-for-life Medicare supplement policy through United Healthcare and this right was vested when these employees, who were employed prior to January 1, 2005 had thirty (30) or more years of continuous service.  For University to say that there is no difference in the form of the benefits provided, that is, a traditional Medicare

supplement policy referred to as "Medigap", and a Medicare Advantage Supplement Policy under Medicare Part C is to ignore the facts.   This change does not constitute another "form" for providing supplemental coverage.   Medicare Advantage Plans, sometimes called Part "C", are offered by private companies approved by Medicare and they limit treatment to a network.  Medicare Advantage Plans can charge different out-of-pocket costs and have different rules for how one gets service, that is, whether or not you need a referral to see a specialist, or whether you must see doctors, facilities or suppliers that belong to the plan for non-emergency care. *See*, Singletary v. City of Slidell, Louisiana Ct. of Appeals, 97 So.3d 1087 (2012).   In the case at hand, the parties' construction of the agreement that University agreed to provide free traditional Medicare supplement policies is binding on the parties. *See*, O.C.G.A. § 13-2-2 relating to the rules of interpretation of contracts.

In this particular case, at the time of the initial removal on April 19, 2023, University knew, as shown by the documents attached to Taylor's affidavit, that University sought to change the terms of the contract in 2021.

On page 4 of its brief, University argues that the discussions to which Mr. Taylor refers predate the complaint. Exhibit "B" to Taylor's affidavit is not the "other paper" upon which University relies.  The other paper that University relies upon are the briefs filed by the Plaintiffs in the Superior Court of Richmond County.  For University to state that its efforts to try to change the terms and provisions of the contract in

November of 2021 were not known by it at the time of the first removal is to ignore the documents that were prepared by University, Exhibits "A" and "B".  (Doc. 19, pp.10-24).

Defendants cite <u>OWOC v. Loancare, LLC</u>, 524 F.Supp.3d 1295, 1300-01 (S.D. Fla. 2021) for the proposition that the Court may only look at Plaintiffs' pleadings or any post-litigation "of the people" to decide the triggering date for a 30-day period of removal.  As stated above, the Defendants had knowledge at the time of the first removal of their actions to switch some Plaintiffs to a Medicare Advantage Plan (a PPO type of coverage  which operates within a network), and knew that this issue would arise based upon the documents attached to the Complaint as Exhibit "B" and the documents attached to the most recent affidavit of Mr. Taylor.  University relies upon 28 U.S.C. § 1446(b)(3), which subsection requires that with a late removal University had no knowledge of the fact that switching to a Medicare Advantage Plan would not be an issue.  What is known is that these retirees had a vested right to free-for-life traditional Medicare supplement policies and that University told these retirees in November of 2021 that the only way they could keep this vested benefit was to sign up for a Medicare Advantage Plan.  University's actions, while causing substantial damage to retirees, have rewarded itself with a savings of approximately $70 per month per retiree while at the same time it has paid millions to its former Chief Executive Officer.  Furthermore, in <u>OWOC v. Loancare, LLC</u>, *supra*, the motion to remand was

granted and the Court held that a fee document cited by the mortgagee could not support removal and that an interrogatory answer could not also support removal.

On page 4, Defendants also cite <u>Depina v. Iron Mountain Information Management, Inc.</u>, 2005 Westlaw 1319231 (N.D. Fla. 2005), another case in which the District Court remanded the case to the State Court.

On page 6, Defendants cite <u>Smith v. Bally's Holiday</u>, 843 F.Supp. 1451 (N.D. Ga. 1994), a case in which the District Court remanded the case to the Superior Court where the defendants had a late removal and contended they had no way of knowing from the face of the complaint that the plaintiff was seeking damages in excess of $50,000. In this case, in order to say that the Defendants could not ascertain from the initial complaint that issues to be raised relating to the fact that the Defendants had switched the Plaintiffs from a standard traditional Medicare Supplement Policy to a Medicare Advantage Plan and that this could be an issue is to ignore the documents attached to Mr. Taylor's Affidavit, which documents <u>were prepared by these Defendants</u>.

**2.     The retirees' right to a free traditional Medicare Supplemental Policy are wages.**

Throughout its brief, Defendants contend that the agreement to pay these benefits to a limited number of individuals who maintained continuous employment for over thirty (30) years was in essence an ERISA welfare plan which would give the

Defendants the right to modify the plan. The Defendants then argue that while pension plans are vested, welfare plans are not, citing on page 11 of its brief the case of <u>Alday v. Container Corp. of America</u>, 906 F.2d 660, 663 (11th Cir. 1990). There, unlike the case at hand, the plan was being administered by the employer as opposed to individuals purchasing a Medicare Supplement policy and being reimbursed the cost. University does not review claims or approve claims. There was nothing in the documents sent to employees telling them that at any time University could void its contractual obligations. Furthermore, in the <u>Alday</u> case, the employer's plan had a provision which gave the employer the right to amend or even terminate the plan at any time. In none of the documents attached to Plaintiff's complaint prepared by University is there any such right reserved by University. Additionally, in this case University is not required to administer claims or review claims. University is not required to process claims for Medicare Supplement Policies like it would with its current employees under any welfare plan. The only thing University is required to do is to reimburse the employees for the cost of their Medicare supplement policies. There is nothing in the documents attached to Plaintiffs' complaint as Exhibit "A" which reserves through University the right to change the agreement that it entered into with the retirees who met the requirement of being employed prior to January 1, 2005 and having 30 or more years of continuous uninterrupted service with University. This is not a welfare plan under ERISA but is part of the wage and compensation that is exempt

from ERISA and is a payroll practice exempt from ERISA under 29 C.F.R. § 2510.3-1(b).

### 3.      University is an instrumentality of Richmond County.

In 1984-1984 there were issues raised by the local newspaper about the disclosure of certain salaries.   Richmond Co. Hosp. Authority v. Southeastern Newspapers, Corp., 252 Ga. 19, 311 S.E.2d 806 (1984).   After the attack on the lease from the Hospital Authority to University Health, University Hospital, in order to obtain approval from the courts amended its lease to be subject to both the Open Meetings Act, O.C.G.A. §50-14-1, and the Open Records Act, O.C.G.A. §50-18-70. Richmond County Hosp. Authority v. Richmond County, 255 Ga. 183, 336 S.E.2d 562 (1985).  The Open Meetings Act would not by its terms apply to University unless it remained part of a government agency. *See*, O.C.G.A. §50-14-1(a)(1).   Government plans are exempt under ERISA, 29 U.S.C. § 1003(b)(1), 29 U.S.C. § 1002(32).  Under Williams-Mason v. Reliance Standard Life Ins. Co., 2006 Westlaw 1687760 (S.D. Ga. June 16, 2006), any such plan would be exempt from ERISA.

The issue of being a government plan also relates to the legality of the terms of the lease to Piedmont who decided not to honor this agreement.  If University is a governmental agency, then the terms of the agreements would be *ultra vires* because under Georgia law it cannot give the hospital's assets to Piedmont at the end of the lease since these assets are in essence owned by the taxpayer.  The book value of these

assets is over $645,000,000.  (Doc. 19, p.28).

## Conclusion

The purpose in enacting ERISA was to protect employees, not employers, to insure that workers receive the promised benefits upon retirement.  29 U.S.C. § 1001; Dade v. North American Philips Corp., 68 F.3d 1558 (3ʳᵈ Cir. 1995); Pension Bene. Guar. Corp. v. R.A. Gray & Co., 467 U.S. 717, 104 S.Ct. 2079, 81 L.Ed.2d 601 (1984). ERISA was not adopted to allow employers to make promises for paid up for life traditional Medicare Supplemental Policies Medigap and then give University after the employee fulfilled his or her obligation to renege and void the promise.  This promised benefit was a wage payable at 65 years of age to a group of employees who performed their end of the bargain, not a welfare plan governed by ERISA as argued by University.

For the reasons stated herein, Plaintiffs respectfully request that this Court remand this case to the Superior Court of Richmond County, Georgia.

This 19th day of March, 2024.

/s/John B. Long
JOHN B. LONG, ESQ.
Georgia State Bar No. 457200

/s/Thomas W. Tucker

THOMAS W. TUCKER, ESQ.
Georgia State Bar No. 717975

Attorneys for Plaintiffs

OF COUNSEL:
TUCKER LONG, P.C.
P. O. BOX 2426
453 GREENE STREET
AUGUSTA, GA  30903
(706) 722-0771
(706) 722-7028 Fax
jlong@tuckerlong.com
ttucker@tuckerlong.com

## CERTIFICATE OF SERVICE

This is to certify that on this date, the foregoing ***Plaintiffs' Supplemental Brief in Support of Motion to Remand*** was filed with the Clerk of Court in accordance with ECF rules using the CM/ECF system and was served electronically upon counsel for the other parties:

Emily E. Friedman, Esq.
Colin D. Delaney, Esq.
Smith Gambrell & Russell, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA  30309
ewasmuth@sgrlaw.com
cdelaney@sgrlaw.com


Troy A. Lanier, Esq.
Troy Lanier Law
430 Ellis Street
Augusta, GA 30901
tlanier@tlanier.law


This 19th day of April, 2024.


/s/John B. Long
JOHN B. LONG, ESQ.
Georgia State Bar No. 457200