IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT M. TAYLOR, III et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-00019-JRH-BKE |
| | ) | |
| UNIVERSITY HEALTH SERVICES, INC. | ) | |
| and PIEDMONT HEALTHCARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED AND RECAST COMPLAINT

Defendants University Health Services, Inc. ("UHS") and Piedmont Healthcare, Inc. ("Piedmont") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiffs' Amended and Recast Complaint ("Amended Complaint"). Defendants respond as follows to the specific allegations of the numbered paragraphs of the Amended Complaint:

## AM. COMPLAINT ¶ 1:

That this action arises under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, and jurisdiction is based upon 28 U.S.C. § 1331.

## ANSWER:

Defendants admit that Plaintiffs bring this action under the Employee Retirement Income Security Act ("ERISA") and that the Court has subject matter jurisdiction.

## AM. COMPLAINT ¶ 2:

That venue is proper in the Southern District of Georgia, Augusta Division, pursuant to 28 U.S.C. § 1391.

**ANSWER:**

Defendants admit, for the purpose of this action only, that venue is proper in this Court.

Except as specifically admitted herein, Defendants deny the allegations in this paragraph of the

Amended Complaint.

**AM. COMPLAINT ¶ 3:**

That each of the Plaintiffs are participants or beneficiaries under an ERISA Plan and are
entitled to recover benefits, to clarify their rights to future benefits under the terms of the Plan and
to obtain appropriate equitable relief as authorized by 29 U.S.C. § 1132(a)(l)(B) and 29 U.S.C. §
1132(a)(3).

**ANSWER:**

Defendants admit Plaintiffs are participants or beneficiaries under an ERISA-governed

welfare benefit plan but deny Plaintiffs are entitled to the recovery of any benefits thereunder or

to any other damages, remedies, or relief whatsoever. Except as specifically admitted herein,

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 4:**

That a substantial number of the Plaintiffs initially had a Medicare Supplement Policy as
defined by 42 C.F.R. 403.205, commonly called a Medigap policy or a traditional medical
supplemental policy providing coverage through United Healthcare (AARP) and were not given
COBRA notices when they were told that in order to receive this free for life supplemental
coverage they had to enroll in a Medicare Advantage Plan through AETNA.

**ANSWER:**

At this time, Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations related to the type of retiree medical coverage each of the Plaintiffs

might have had at various points in time and therefore deny them. The remainder of the allegations

in this paragraph of the Amended Complaint are pleaded in support of and pertain to Plaintiffs'

Count III, which has since been dismissed by the Court. Therefore, no response is required. To

the extent a response is required, Defendants admit no COBRA notices were provided to Plaintiffs when the type of retiree medical coverage offered to them changed.

**AM. COMPLAINT ¶ 5:**

That the removal of a number of individuals from the United Healthcare (AARP) policy was a qualifying event under 29 U.S.C. § 1163 and 26 C.F.R. § 54.4980B-4 and these individuals should have been given the right to purchase coverage on their own, if necessary, as opposed to being told that if they wanted coverage they had to obtain coverage through a Medicare Advantage Plan.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of and pertain to Plaintiffs' Count III, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 6:**

A Medicare Supplement Policy as promised by University Hospital is not a Medicare Advantage Plan. 42 C.F.R. §403.205(a).

**ANSWER:**

The allegations in this paragraph of the Amended Complaint cite from a federal regulation, which speaks for itself. Defendants deny any allegations that are inconsistent with or mischaracterize the terms of such regulation. Defendants deny the remaining allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 7:**

That the 215 named Plaintiffs are former employees of Defendant University Health Services, Inc. (hereinafter "University Hospital") and worked in various capacities in executive positions, professional positions, or as laborers and hourly employees.

**ANSWER:**

Defendants admit that Plaintiffs are former employees of Defendant UHS and/or its

affiliates and that they worked in various capacities, including executive positions, professional

positions, or laborers and hourly employees.

## AM. COMPLAINT ¶ 8:

That Defendant Piedmont Healthcare, Inc. (hereinafter "Piedmont") entered into an agreement with University Hospital to take over the operations of the hospital in Augusta, Georgia and elsewhere and assumed the obligations of University Hospital, including contractual obligations and obligations under ERISA to its current and former employees.

## ANSWER:

Defendants admit that Piedmont entered into an affiliation agreement with UHS and

affiliates, the terms of which speak for themselves. Defendants deny any allegations that are

inconsistent with or mischaracterize the terms of such agreement.  Except as specifically admitted

herein, Defendants deny the allegations in this paragraph of the Amended Complaint.

## AM. COMPLAINT ¶ 9:

That each of the Plaintiffs employed by University Hospital were told by University Hospital's management, who were acting as fiduciaries, that if they were employed prior to January 1, 2005 and had thirty (30) or more years of continuous service, when he or she reached Medicare eligibility that a Medicare Supplement, that is, a Medigap policy, would be provided to the employee through United Healthcare free of charge for life.

## ANSWER:

Defendants deny the allegations in this paragraph of the Amended Complaint.

## AM. COMPLAINT ¶ 10:

That while each of the employees were employed by University Hospital they were furnished with a series of written documents that, if he or she met the qualifications (i.e., hired prior to January 1, 2005 and had 30 or more years of continuous services), upon reaching the age of Medicare eligibility they would receive for life a free Medicare Supplement Policy, that is, a Medigap policy, all as shown by Exhibit "A".

## ANSWER:

The allegations in this paragraph of the Amended Complaint purport to quote from and

characterize documents attached as exhibits to the Amended Complaint, all of which speak for

themselves.  Defendants deny that Plaintiffs have accurately quoted from or characterized the

contents of such documents and, therefore, deny the allegations in this paragraph of the Amended

Complaint.

### AM. COMPLAINT ¶ 11:

That management employees of University Hospital were acting as fiduciaries in furnishing these written statements and making these promises, both written and oral, to the University Hospital employees and this was referred to by University Hospital's management and as fiduciaries of this Plan as a "hidden paycheck".

### ANSWER:

Defendants deny the allegations in this paragraph of the Amended Complaint.

### AM. COMPLAINT ¶ 12:

That the benefits that were promised to the Plaintiffs by University Hospital and by its management acting as fiduciaries were similar to the type of benefits promised to employees of American General Life & Accident Insurance Company in the case of Jones, et al. v. American General Life & Accident Ins. Co., 37 F.3d 1065 (11 th Cir. 2004), where the Eleventh Circuit held that under §502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), that similar claims are actionable under ERISA and that the federal courts could provide appropriate equitable relief to beneficiaries under ERISA.

### ANSWER:

The allegations in this paragraph of the Amended Complaint assert legal conclusions, to

which no response is required. To the extent a response is required, Defendants deny the

allegations in this paragraph of the Amended Complaint.

### AM. COMPLAINT ¶ 13:

That it was commonly understood by University Hospital's management and employees that, if an employee stayed with University Hospital and had been employed prior to January 1, 2005, did not seek other employment and had 30 or more continuous years of services as a University Hospital employee, each such employee would receive a free lifetime Medicare Supplement policy through United Healthcare, that is a traditional Medicare Supplement policy (Medigap ), not a Medicare Advantage Plan policy for life.

**ANSWER:**

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 14:**

That the promises of free Medicare Supplement policies (Medigap) for traditional Medicare written through United Healthcare from age 65 years to death at no charge to retirees was a substantial incentive and consideration for the Plaintiffs continued work until they qualify for the benefit.

**ANSWER:**

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 15:**

That each of the Plaintiffs relied upon such supplemental Medicare insurance for traditional Medicare (Medigap) in making financial plans for themselves and their families.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' alleged reliance upon supplemental Medicare insurance coverage and, therefore, deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 16:**

That when Piedmont Healthcare took over the operation of University Hospital, it assumed all liabilities and obligations of University Hospital, including its obligation to provide the herein stated lifetime free Medicare Supplement Policy issued through United Healthcare (Medigap).

**ANSWER:**

The allegations in this paragraph of the Amended Complaint purport to quote from and/or characterize the terms of affiliation agreement, which speaks for itself. Defendants deny any allegations that are inconsistent with or mischaracterize the terms of such agreement. Defendants deny the remaining allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 17:**

University Hospital, its management and fiduciaries of its ERISA Plan continuously reiterated the fact that this free Medicare Supplement benefit written though United Healthcare provided to employees such as the Plaintiffs would be a lifetime benefit if the employees met the qualifications.

**ANSWER:**

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 18:**

That after Piedmont took over the operation of University Hospital, it notified the retirees in a letter dated January 24, 2023 that this was not an obligation and that Piedmont would only voluntarily at that time continue to provide those benefits, all as shown by Exhibit "B", which as a result thereof created uncertainty for each of the Plaintiffs.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint purport to quote from and characterize an exhibit to the Amended Complaint, which speaks for itself. Defendants deny any allegations that are inconsistent with or mischaracterize the contents of such document. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to Plaintiffs' alleged uncertainty and, therefore, deny them.

**AM. COMPLAINT ¶ 19:**

That when Vicki Cansler, Chief Human Resources Officer of Piedmont Healthcare, Inc., and Scott Hill, Senior Vice President of Piedmont Healthcare, Inc., signed the letter dated January 24, 2023, they were acting as fiduciaries of an ERISA Plan.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 20:**

That at the time Exhibit "B" was sent, Piedmont knew from the actuarial studies obtained

by it that there was an obligation of University Hospital to furnish free for life traditional Medicare Supplement Policies written through United Healthcare.

**ANSWER:**

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 21:**

That the sending out of the January 24, 2023 letter (Exhibit "B") has created such uncertainty for these Plaintiffs that they need clarification of their rights to future benefits as allowed by 29 U.S.C. §1132(a)(l)(B).

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations concerning Plaintiffs' alleged uncertainty following receipt of the referenced

communication and, therefore, deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 22:**

That University Hospital and Piedmont have breached their fiduciary obligations to the Plaintiffs in not being truthful in informing the Plaintiffs that the granting of these benefits was voluntary as opposed to being a vested benefit which each Plaintiff was entitled to receive, that is, free Medigap insurance for life.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of and

pertain to Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no

response is required. To the extent a response is required, Defendants deny the allegations in this

paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 23:**

That on or about the time that University Hospital was negotiating with Piedmont to take over the operation of University Hospital, University Hospital informed employees, retirees and their spouses that contrary to University Hospital's previous promises, if they wanted to continue with the free Medicare Supplement policies (Medigap ), they would have to convert to a Medicare Advantage Plan, all as shown by documents attached hereto as Exhibits "C" and "D".

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants state the allegations in this paragraph of the Amended Complaint purport to quote from and/or characterize documents attached as exhibits to the Amended Complaint, which speak for themselves. Defendants deny any allegations that are inconsistent with or mischaracterize the contents of such documents.

**AM. COMPLAINT ¶ 24:**

That in sending out Exhibits "C" and "D" University Hospital was acting as a fiduciary under 29 U.S.C. §1002(21)(A) of ERISA.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 25:**

That there were misrepresentations in informing individuals that they had to enroll in a Medicare Advantage Plan in order to continue to receive this free supplemental coverage and a substantial number of the Plaintiffs, to their detriment, relied upon these misrepresentations.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 26:**

That there is a substantial difference between a traditional Medicare Supplement Policy such as was provided by United Healthcare and the supplement policy provided by a Medicare Advantage Plan, which requires that those covered under a Medicare Advantage Plan be subject to a network with limited medical providers.

**ANSWER:**

Defendants admit there are differences between what Plaintiffs refer to as a "traditional Medicare Supplement Policy" and a "Medicare Advantage Plan" and that certain Medicare Advantage plans may require participants to use medical providers in the plan's network. Except as specifically admitted herein, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 27:**

That other differences between the plans include that Medicare Advantage Plans are similar to a PPO type of health insurance, that is, the network of medical providers is limited and if someone goes outside of the network, there could be no coverage or diminished coverage for healthcare expenses, and further, in order to see a specialist one has to first go through his or her primary care physician for a referral.

**ANSWER:**

Defendants admit that some Medicare Advantage Plans may include a PPO component. Except as specifically admitted herein, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 28:**

That University Hospital has used the shifting of some of the Plaintiffs to the Aetna Medicare Advantage Plan as a means to save expenses for Piedmont and have breach their fiduciary duties to Plaintiffs.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no

response is required.  To the extent a response is required, Defendants admit only that a change in the type of retiree medical coverage offered to eligible participants resulted in certain cost savings. Except as specifically admitted herein, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 29:**

That sending out Exhibits "C" and "D" was a breach of fiduciary duty by the Defendants that was relied upon by a large number of these Plaintiffs to their detriment.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 30:**

That as the result of the Defendants' informing the Plaintiffs, as shown by Exhibit "D", that they had to take the Medicare Advantage Plan if they wanted to have coverage through University Hospital (see, Exhibit "D"), 93 of the original 174 Plaintiffs in the case originally filed desire to return to having United Healthcare Traditional Medicare Supplement Policies (Medigap) that were originally offered to them as shown by Exhibit "A". (*See*, Exhibit "E" attached).

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain, to Plaintiffs' Count II, which has since been dismissed by the Court.  Therefore, no response is required.  To the extent a response is required, Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' alleged preferences with respect to their retiree medical coverage and therefore deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 31:**

That when Exhibits "C" and "D" were distributed to former employees by University Hospital, a group of former employees and retirees led by Ms. Marilyn Bowcutt met with the then-Chief Executive Officer of University Hospital, Mr. James Davis, who agreed that, despite what was stated in Exhibits "C" and "D", employees could remain with United Healthcare and keep their Medicare Supplement Policies written by United Healthcare and thus keep their traditional Medicare coverage. *See*, Exhibit "J" attached hereto.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of and pertain to Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants admit certain retirees and Ms. Marilyn Bowcutt met with the then-Chief Executive Officer. Defendants further admit that certain retirees were permitted to keep their retiree medical coverage offered through United Healthcare. Except as specifically admitted herein, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 32:**

That Mr. Davis at the time he made that promise was acting as a fiduciary under ERISA.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 33:**

That despite that assurance by Mr. Davis that retirees could keep their Medigap coverage written through United Healthcare (AARP) that fact was not communicated to all the former employees who were entitled to receive this free Medigap coverage written through United Healthcare.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 34:**

That attached hereto and marked Exhibit "F" is a copy of the list of 20 of the original 174 Plaintiffs who were allowed to remain with United Healthcare and who relied upon the promises of Mr. James Davis.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint and therefore deny them.

**AM. COMPLAINT ¶ 35:**

That of the original 174 individuals who originally filed this action, only 55 individuals would prefer to stay with the Aetna Medicare Advantage Plan. See, Exhibit "G" attached hereto.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint and therefore deny them.

**AM. COMPLAINT ¶ 36:**

That University Hospital executives have known that this obligation to provide free for life health care benefits existed and this obligation was known to Piedmont at the time it assumed the operation and debts of University Health Services in Augusta, all as shown by the Actuarial Valuation Report by Mercer as of December 31, 2021 prepared for University Hospital Services. *See*, Exhibit "H" and "I".

**ANSWER:**

The allegations in this paragraph of the Amended Complaint purport to quote from and/or characterize exhibits to the Amended Complaint, which speak for themselves. Defendants deny any allegations that are inconsistent with or mischaracterize the contents of such documents. Defendants deny the remaining allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 37:**

That since the filing of this case, 41 additional individuals have sought to join this action and are asking that they be provided free-for-life Medicare Supplement Policies through United Healthcare, and of those 41 individuals, 1 already has a United Healthcare Policy, 29 desire to be removed from the Medicare Advantage Plan and provided Medicare Supplement Policies (Medigap) through United Healthcare during the open enrollment from October 15, 2024 to December 7, 2024, and 10 of the individuals wish to remain with the Medicare Advantage Plan.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint concerning Plaintiffs' preferences with respect to their retiree medical coverage and therefore deny them.

**AM. COMPLAINT ¶ 38:**

That based upon information and belief the United Healthcare Policy (AARP) for which University (now Piedmont) pays the premium is a group policy and as such those retired former employees, who now wish to return to having a Medigap policy written by United Healthcare (AARP) could now be covered by that plan if University and Piedmont elected to do so and allowed them during open enrollment to change back to having a Medigap policy.

**ANSWER:**

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 39:**

That University Hospital and Piedmont, acting as fiduciaries could limit their liability by taking the necessary actions to allow those Plaintiffs who desire to have a Medigap policy written by United Healthcare to take such action during open enrollment from October 15 to December 7, 2024.

**ANSWER:**

The allegations in this paragraph of the Amended Complaint are pleaded in support of, and pertain to, Plaintiffs' Count II, which has since been dismissed by the Court. Therefore, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Amended Complaint.

<u>**COUNT I - CLAIM FOR VESTED BENEFITS UNDER 29 U.S.C.
§ 1132(a)(l)(B) AND TO CLARIFY PLAINTIFFS' RIGHTS TO FUTURE
BENEFITS**</u>

**AM. COMPLAINT ¶ 1:**

Paragraphs 1 through 39 above are re-alleged and incorporated herein by reference.

**ANSWER:**

Defendants reassert and incorporate by reference, as fully set forth herein, their defenses and responses to paragraphs 1 through 39 above.

**AM. COMPLAINT ¶ 2:**

That University Hospital offered to its employees who were employed prior to January 1, 2005 and stayed employed by University Hospital for 30 years that upon reaching Medicare eligibility age of 65 they would be given free of charge for life a Medicare Supplement Policy for traditional Medicare written through United Healthcare.

**ANSWER:**

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 3:**

That Plaintiffs fulfilled their agreements and have a vested right to receive free Medicare Supplement policies (Medigap) written through United Healthcare for life.

**ANSWER:**

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 4:**

That Piedmont, as successor in interest to the obligations of University Hospital, is obligated to provide to each Plaintiff a free Medicare Supplement Policy for traditional Medicare for life (Medigap).

**ANSWER:**

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 5:**

That each Plaintiff is entitled to receive this benefit as determined by this Court as authorized under 29 U.S.C. § l 132(a)(l)(B).

**ANSWER:**

Defendants deny the allegations in this paragraph of the Amended Complaint.

**AM. COMPLAINT ¶ 6:**

That each Plaintiff is entitled to clarification of their rights to future benefits under 29 U.S.C. §1132(a)(l)(B).

**ANSWER:**

The allegations in this paragraph of the Amended Complaint assert a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Amended Complaint and deny that Plaintiffs are entitled to any relief whatsoever under 29 U.S.C. § 1132(a)(1)(B).

### COUNT II – BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(a)(3)

The Court has dismissed Count II and, therefore, no response is required to the allegations pleaded in support of Count II in paragraphs 1 through 15 of the Amended Complaint.

## COUNT III – CLAIM FOR DAMAGES FOR VIOLATION OF COBRA UNDER 29 U.S.C. § 1161-1168 AS PERMITTED BY 29 U.S.C. § 1132(c)

The Court has dismissed Count III and, therefore, no response is required to the allegations pleaded in support of Count III in paragraphs 1 through 5 of the Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.     That the Court require that Defendants provide Plaintiffs with the vested benefits which University Hospital and Piedmont are required to provide to the Plaintiffs under 29 U.S.C. §1132(a)(1)(B).

B.     That this Court clarify that the Plaintiffs are entitled to free Medicare Supplement policies (Medigap) for life through United Healthcare as authorized by 29 U.S.C. §1132(a)(1)(B).

C.     That this Court find that Defendants have breached their fiduciary duties to the Plaintiffs and that the Plaintiffs are entitled to appropriate equitable relief as permitted by 29 U.S.C. §1132(a)(3), including orders requiring those Plaintiffs who want the Medigap policy be provided with same.

D.     That the Court impose obligations upon the Defendants for the breach of their fiduciary duties, including the imposition of surcharges as permitted by 29 U.S.C. §1132(a)(3).

E.     That the Court require that individuals who desire to be covered by the United Healthcare traditional Medicare Supplement coverage at Defendants' expense be allowed to select that coverage under the United Healthcare Group Plan if they have been given the Aetna Medicare Advantage Plan, and that Defendants be required to pay for such Medigap coverage as it has agreed.

F.     That the Court assess damages for breach of COBRA under 29 U.S.C. §1161, et seq., as permitted by 29 U.S.C. §1132(c).

G.     That the Court grant other and further relief, including the awarding of any such surcharges as determined by the Court, as well as any and all other equitable relief.

## ANSWER:

Defendants deny the allegations set forth in each and every sub-paragraph of the Prayer for Relief, deny that Plaintiffs are entitled to the relief sought in each and every sub-paragraph of the Prayer for Relief, and deny that Plaintiffs are entitled to any relief whatsoever.  Defendants further

aver that the relief sought by Plaintiffs in sub-paragraphs C through G is no longer available to them or actionable given the Court's dismissal of Plaintiffs' Counts II and III.

Defendants deny each and every allegation of Plaintiffs' Amended Complaint not specifically admitted herein, including the allegations contained in the number and non-numbered headings and sub-hearings.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

Pleading further in accordance with the Fed. R. Civ. P. 8, Defendants state as follows:

**FIRST DEFENSE**

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, fails to state an actionable claim for benefits under ERISA § 502(a)(1)(B).

**SECOND DEFENSE**

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, fails because Plaintiffs cannot demonstrate the existence of a written contractual promise by either Defendant to provide Plaintiffs with vested lifetime benefits in any form.

**THIRD DEFENSE**

Some or all Plaintiffs named in the Amended Complaint lack standing to bring the claims or causes of action set forth therein or to obtain some or all of the relief sought therein.

**FOURTH DEFENSE**

Some or all Plaintiffs named in the Amended Complaint have not suffered any concrete harm as a result of any action, omission, or position taken by Defendants.

**FIFTH DEFENSE**

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, is barred in whole or in part because no justiciable controversy exists between some or all Plaintiffs

and Defendants.

## SIXTH DEFENSE

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, is barred in whole or in part because the difference of opinion Plaintiffs describe has not ripened into a cognizable legal dispute.

## SEVENTH DEFENSE

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, is barred in whole or in part because Plaintiffs do not find themselves in a state of uncertainty such that a declaration by the Court will guide Plaintiffs as to any future conduct.

## EIGHTH DEFENSE

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, is barred in whole or in part because the declaration Plaintiffs seek is not truly a declaration but some other form of relief that would not be proper in the absence of irreparable harm.

## NINTH DEFENSE

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, is barred in whole or in part because it is Plaintiffs, not Defendants, who have been stubbornly litigious by commencing and insisting on litigation when Defendants are still to this day continuing to provide the benefit Plaintiffs claim entitlement to.

## TENTH DEFENSE

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, is barred in whole or in part because the retiree medical benefit coverage Plaintiffs claim entitlement to is not the sort of benefit in which an individual obtains a vested interest.

## ELEVENTH DEFENSE

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, is barred in whole or in part because the alleged promises, representations, or written agreements do not exist and/or are unenforceable.

## TWELFTH DEFENSE

The Amended Complaint, as narrowed by the Court's Order dated September 25, 2025, is barred by the applicable statute of limitations, at least with respect to certain of the named Plaintiffs.

## RESERVATION OF DEFENSES

Defendants reserve the right to amend or to assert additional defenses as this case progresses, whether affirmative or otherwise, that may become available during the course of litigation through discovery or any other means.

Dated:  October 9, 2025.

Respectfully submitted,

TROY LANIER LAW

/s/ *Troy A. Lanier*
Troy A. Lanier
Georgia Bar No. 437775

430 Ellis Street
Augusta, GA 30901
Telephone: (706) 550-1941
Facsimile: (706) 724-6064
tlanier@tlanierlaw.com

SMITH GAMBRELL & RUSSELL, LLP

/s/ *Emily E. Friedman*
Emily E. Friedman
Georgia Bar No. 659432
Colin Đặng Delaney
Georgia Bar No. 216858

1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
Telephone: 404-815-3500
Facsimile: 404-815-3509
efriedman@sgrlaw.com
cdelaney@sgrlaw.com

*Attorneys for Defendants University Health Services, Inc. and Piedmont Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

Dated: October 9, 2025.

*/s/ Emily E. Friedman*
Emily E. Friedman
Georgia Bar No. 659432
SMITH GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, NE
Suite 1000
Atlanta, GA 30309
404.815.3948
404.685.7248 (facsimile)

*Attorneys for Defendants University Health Services, Inc. and Piedmont Healthcare, Inc.*