**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| ROBERT M. TAYLOR, III, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CV 124-019 |
| PIEDMONT HEALTHCARE, INC. and UNIVERSITY HEALTH SERVICES, INC., | * | |
| Defendants. | * | |

**O R D E R**

Presently pending before the Court is Defendants' motion to strike and dismiss the complaint. (Doc. 66.) For the following reasons, Defendants' motion is **GRANTED**.

## I. BACKGROUND

The relevant factual and procedural backgrounds are laid out in the Court's August 29, 2024 and September 25, 2025 Orders. (See Doc. 36, at 2-4; Doc. 52, at 1-4.) The Court previously dismissed Counts II and III of Plaintiffs' second amended complaint, allowing only Count I to proceed. (Doc. 52, at 12.) On November 10, 2025, Plaintiffs moved for permissive joinder of parties to add individuals as Plaintiffs to this action. (Doc. 57.) Plaintiffs stated they were "not seeking to change their basic complaint but

to add certain additional parties." (Doc. 61, at 1.) With this understanding, the Magistrate Judge granted Plaintiffs' motion and "leave of court for Plaintiff[s] to file the amended complaint affecting the requested joinder." (Doc. 62, at 2.) The Court relied on Plaintiffs' asserted intent "to merely join these new employees to the claims already asserted without changing the substantive nature of the complaint at all," finding Plaintiffs "seek to add more employees to the claims that already exist[.]" (Id. at 1-2 (citing Doc. 61).) At the Court's instruction, Plaintiffs filed an "amended and recast" second amended complaint (the "Complaint") on January 27, 2026. (Doc. 64.)

The Complaint asserts two claims: Count I – Vested Benefits under 29 U.S.C. § 1132(a)(1)(B) and to Clarify Plaintiffs' Rights to Future Benefits; and a renewed Count II – Breach of Fiduciary Duty and Equitable Relief under 29 U.S.C. § 1132(a)(3). (Id. at 14-19.) Additionally, Plaintiffs now seek monetary damages under Count I and various forms of relief under the new Count II. (Id. at 19-20.)

Defendants move to strike "unauthorized and improper amendments" in the Complaint and dismiss Count II in its entirety under Federal Rules of Civil Procedure 12(f) and 12(b)(6). (Doc. 66, at 1.) They request the Court strike the following:

- New allegations pleaded in Counts I and II: specifically, Doc. 64, ¶¶ 6, 8 (including new exhibits A-1, A-2, A-3 and A-4), 30 & 39;

- New allegations pleaded in Count I: specifically, Doc. 64, Count I, ¶¶ 3 & 4;

- The entirety of Count II, including all allegations in support thereof.

(Id. at 6.) Plaintiffs oppose the motion (Doc. 67), Defendants replied (Doc. 70), Plaintiffs responded (Doc. 72), and Defendants replied again (Doc. 76). Thus, the motion has been thoroughly briefed and is ripe for the Court's review.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The Court has broad discretion in considering a motion to strike under [Rule] 12(f)." Bledsaw v. Carnival Corp., No. 15-23647, 2015 WL 9594296, at *1 (S.D. Fla. Dec. 30, 2015) (citations omitted); see Bingham v. HCA, Inc., 783 F. App'x 868, 872 (11th Cir. 2019) (holding that a motion to strike is reviewed for abuse of discretion, allowing a "range of choice for the district court, so long as that choice does not constitute a clear error of judgment."). Furthermore, "[s]triking allegations from a pleading . . . 'is a drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken allegations have 'no possible relation

to the controversy.'" Bledsaw, 2015 WL 9594296, at *1 (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., 306 F.2d 862, 868 (5th Cir. 1962)).

## III. DISCUSSION

The Court considers Defendants' arguments to strike or dismiss for both Counts.

### A. Count I

Defendants argue "the Court should strike all the new allegations in the [Complaint] as a violation of the Court's January 20[, 2026] Order" because Plaintiffs did not seek leave to amend their complaint and add new facts, requested relief, and a renewed Count II. (Doc. 66, at 5-6.) Defendants argue "the [Complaint] is an unauthorized amended complaint." (Id. at 5.) As to Count I, Plaintiffs argue they "have not amended the [C]omplaint in any way other than to set forth the two [] types of claims that are being asserted," and "Defendants do not set forth any language that is substantially different than the language used in the original Count I." (Doc. 67, at 5-6.)

The Court finds Plaintiffs' amendments to Count I were not authorized by the Court's January 20, 2026 Order. (Doc. 62.) In the January 20, 2026 Order, the Court specifically identified the changes Plaintiffs sought in their motion for permissive joinder

and its reasoning for granting the motion. (Id. at 1-2.) The Court found Plaintiffs intended to:

> join these new employees to the claim[] already asserted without changing the substantive nature of the complaint at all. . . . Accordingly, the Court [granted] Plaintiffs' Motion for Permissive Joinder of Parties [], [granted] leave of court for Plaintiff[s] to file the amended complaint affecting the requested joinder, and [ordered] Plaintiffs to file the amended complaint as a standalone entry on the docket.

(Id.) It is clear the Court granted leave to file the amended complaint based on its understanding that Plaintiffs were only "seek[ing] to add more employees" as Plaintiffs to the action. (Id. at 1.) The expectation that parties will act within the scope of the Court's order requires no explanation. Although striking allegations from a pleading is a "drastic remedy," it is "required for the purpose[] of justice" in this case. Bledsaw, 2015 WL 9594296, at *1 (citation omitted). Plaintiffs were granted leave to amend to add employees as Plaintiffs, and then they included additional changes without providing notice to the Court or Defendants. The Court cannot allow unauthorized amendments to stand when they directly contradict the scope set by a prior Order.

Given the above, the Court finds Plaintiffs' amendments to Count I, enumerated in Defendants' motion to strike and response, are improper and therefore must be stricken from the Complaint. (Doc. 66, at 6; Doc. 70, at 10.) Thus, Defendants' motion to strike all unauthorized amendments to Count I is **GRANTED**.

**B. Count II**

Defendants argue Count II of the Complaint should be dismissed in its entirety because "Plaintiffs' [Complaint] continues to assert Count II pursuant to ERISA § 502(a)(3) despite the unequivocal dismissal of such claim by the Court," and there is no legal basis for Plaintiffs to replead Count II. (Doc. 66, at 6.) Defendants also argue Plaintiffs did not seek leave to file an amended Count II, and the Court already held that Plaintiffs could not pursue "any claim under an ERISA § 502(a)(3) theory of recovery" in its September 25, 2025 Order. (Id. at 6-7 (citing Doc. 52).) Plaintiffs argue the January 20, 2026 Order "does not contain any F.R.C.P. Rule 54(b) determination and that order is not *res judicata* as to the ability of the Plaintiffs . . . to recover under 29 U.S.C. § 1132(a)(3) if Defendants cannot or will not produce" requested plan documents. (Doc. 72, at 11.) As a result, Plaintiffs ask the Court to deny Defendants' motion to dismiss Count II and strike additional allegations, and "require that the Defendants produce the documents that are subject to ongoing discovery[.]" (Id. at 13.)

"When a court's order directs a party to amend a complaint in a particular manner, the court is within its discretion to dismiss the non-compliant amended complaint with prejudice." Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc., 438 F. Supp.

3d 1346, 1350-51, 1358 (S.D. Fla. 2020) (citing Petrano v. Old Republic Nat. Title Ins., 590 F. App'x 927, 929 (11th Cir. 2014)).

The Court finds Plaintiffs' renewal of Count II was not permitted by the Court's January 20, 2026 Order, making it an unauthorized addition to the Complaint. (Doc. 62.) Contrary to Plaintiffs' arguments, it is immaterial whether Plaintiffs have some ability to recover under circumstances beyond the allegations in Count I. When a party amends a complaint in a way that is beyond the scope authorized by the Court's prior order, the Court may dismiss the amended complaint. Petrano, 590 F. App'x at 929. Plaintiffs were granted leave to amend *only* to add plaintiffs and nevertheless included an additional count with supporting allegations. Plaintiffs made these changes without providing notice to the Court or Defendants. Because the addition of Count II goes beyond the scope set by the Court's January 20, 2026 Order, it must be dismissed. (Doc. 62, at 1-2.)

Given the above, the Court finds Count II and the new allegations pleaded in support of Count II are unauthorized additions to the Complaint. Thus, Defendants' motion to dismiss Count II is **GRANTED**, and the supporting allegations are stricken from the Complaint.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to strike and dismiss (Doc. 66) is **GRANTED**. The following are hereby stricken from the Complaint (Doc. 64): Preamble, ¶¶ 3, 4, 6, 8 (including exhibits A-1, A-2, A-3 and A-4), 10, 11, 21, 22, 23, 25, 28 – 35, 39; Count I, ¶¶ 3 & 4; Prayer for Relief, ¶¶ C, D, E, F & G; and Count II in its entirety. To perfect the record, Plaintiffs **SHALL FILE** an amended complaint reflecting these findings as a stand-alone entry on the docket. This amended complaint **MUST COMPLY** with the findings herein and will then be the operative complaint.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of August, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA